IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLIN P. MARKEY; KATHY MOORE; PAUL A. MOORE; THEODORE H. SWINDELLS; and SHERIE SWIONTEK ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 07 C 6631 |
| HYDROGEN POWER, INC., f/k/a EQUITEX, INC., ) ) ) ) | Hon. Charles R. Norgle U.S. District Court Judge |
| Defendant. ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant, Hydrogen Power, Inc., formerly known as Equitex, Inc., ("HPI"), for its Answer, Affirmative Defenses and Counterclaim to the Complaint served by the plaintiffs, states as follows:

1. HPI admits that this is an action regarding a settlement agreement between the parties dated May 10, 2006, and a registration agreement between the parties dated May 10. 2006. HPI denies each of the remaining allegations of paragraph 1.

2. HPI admits paragraph 2.

3. HPI admits paragraph 3.

4. HPI admits paragraph 4.

5. HPI admits paragraph 5.

6. HPI admits paragraph 6.

7. HPI admits that it is a corporation incorporated in the state of Delaware. HPI admits that Equitex, Inc. ("Equitex") had a principal place of business in Englewood, Colorado. HPI denies each of the remaining allegations of paragraph 7.

8. HPI admits paragraph 8.

9. HPI denies each of the allegations in paragraph 9.

10. HPI denies each of the allegations in paragraph 10.

11. HPI admits that it communicated with Paul Moore. HPI denies each of the remaining allegations of paragraph 11.

12. HPI admits that it communicated with Paul Moore. HPI denies each of the remaining allegations of paragraph 12.

13. HPI lacks knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 13.

14. HPI admits that pursuant to the settlement agreement, stock was sent to plaintiffs. HPI denies each of the remaining allegations of paragraph 14.

15. HPI denies each of the allegations of paragraph 15.

16. HPI admits that on or about May 10, 2006, the plaintiffs and HPI entered into a Settlement Agreement, a true

and accurate copy of which is attached to the Complaint as Exhibit A.

17. HPI admits that the Settlement Agreement settled matters between various parties, including the plaintiffs and HPI, regarding the Convertible Promissory Notes dated April 14, 2004 (the "Notes"). HPI denies each of the remaining allegations of paragraph 17.

18. HPI admits that the Notes were issued by FastFunds Financial Corporation ("FastFunds"), that FastFunds has a place of business in West Palm Beach, Florida, and that FastFunds was at one time a publicly traded subsidiary of Equitex. HPI denies each of the remaining allegations of paragraph 18.

19. HPI denies each of the allegations of paragraph 19.

20. HPI admits that HPI and FastFunds entered into the Settlement Agreement with the plaintiffs. HPI denies each of the remaining allegations of paragraph 20.

21. HPI admits paragraph 21.

22. HPI admits that the Settlement Agreement contains those terms set forth in that Settlement Agreement. HPI denies each of the remaining allegations of paragraph 22.

23. HPI admits that the Settlement Agreement contains those terms set forth in that Settlement Agreement. HPI denies each of the remaining allegations of paragraph 23.

24. HPI admits that the Settlement Agreement contains those terms set forth in that Settlement Agreement. HPI denies each of the remaining allegations of paragraph 24.

25. HPI denies each of the allegations of paragraph 25.

26. HPI admits that the Settlement Agreement contains those terms set forth in that Settlement Agreement. HPI denies each of the remaining allegations of paragraph 26.

27. HPI admits that the parties entered into a Stock Sale and Lock-Up Agreement. HPI denies that the Settlement Agreement is attached as Exhibit B and denies each of the remaining allegations of paragraph 27.

28. HPI admits that it delivered the stock required by the Settlement Agreement. HPI denies each of the remaining allegations of paragraph 28.

29. HPI denies each of the allegations of paragraph 29.

30. HPI denies each of the allegations of paragraph 30.

31. HPI denies each of the allegations of paragraph 31.

32. HPI admits that the Settlement Agreement contains those terms set forth in that Settlement Agreement. HPI denies each of the remaining allegations of paragraph 32 and further denies that it is obligated to deliver any stock or money.

33. HPI admits that it refuses to pay plaintiffs or to issue stock to plaintiffs. Answering further, HPI states that it has no obligation to plaintiffs. HPI denies each of the remaining allegations of paragraph 33.

34. HPI admits that it refuses to pay plaintiffs or to issue stock to plaintiffs. HPI denies each of the allegations of paragraph 34. Answering further, HPI states that it has no obligation to plaintiffs.

35. HPI admits that the parties entered into a Registration Agreement, and that a copy of the Registration Agreement is attached as Exhibit C to the Complaint. HPI denies each of the allegations of paragraph 35.

36. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 36.

37. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 37.

38. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 38.

39. HPI denies each of the allegations of paragraph 39.

40. HPI admits paragraph 40.

41. HPI admits paragraph 41.

42. HPI admits that the plaintiffs did not sell their stock. HPI denies each of the remaining allegations of paragraph 42.

43. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 43.

44. HPI denies each of the allegations of paragraph 44.

45. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 45.

46. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 46.

47. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 47.

48. HPI denies each of the allegations of paragraph 48.

49. HPI admits that it has not paid the plaintiffs. HPI denies each of the remaining allegations of paragraph 49.

50. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 50.

51. HPI denies each of the allegations of paragraph 51.

## Answer to Count I

52. HPI realleges and incorporates by reference its answers to paragraphs 1 through 51 as its answer to paragraph 52 and the paragraphs incorporated by reference in paragraph 52.

53. HPI admits that the Settlement Agreement contains those terms set forth in that Settlement Agreement. HPI denies each of the remaining allegations of paragraph 53.

54. HPI denies each of the allegations of paragraph 54.

55. HPI denies each of the allegations of paragraph 55.

56. HPI denies each of the allegations of paragraph 56.

57. HPI admits that the plaintiffs' counsel made demand on the former officers of Equitex. HPI denies each of the remaining allegations of paragraph 57.

58. HPI denies each of the allegations of paragraph 58.

59. HPI denies each of the allegations of paragraph 59.

### Answer to Count II

60. HPI realleges and incorporates by reference its answers to paragraphs 1 through 51 as its answer to paragraph 60 and the paragraphs incorporated by reference in paragraph 60.

61. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 61.

62. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the allegations of paragraph 62.

63. HPI denies each of the allegations of paragraph 63.

64. HPI admits that the Registration Agreement contains those terms set forth in the Registration Agreement. HPI denies each of the remaining allegations of paragraph 64.

65. HPI denies each of the allegations of paragraph 65.

66. HPI denies each of the allegations of paragraph 66.

67. HPI denies each of the allegations of paragraph 67.

68. HPI admits that the plaintiffs' counsel made demand on the former officers of Equitex. HPI denies each of the remaining allegations of paragraph 68.

69. HPI denies each of the allegations of paragraph 69.

### Affirmative Defenses

For its affirmative defenses to the plaintiffs' Complaint, HPI states as follows:

#### First Affirmative Defense

1. Plaintiffs failed to sell their stock in a timely manner according to the schedule provided for in the agreements between the parties in connection with the Settlement Agreement and are therefore barred from recovering under these agreements.

#### Second Affirmative Defense

1. The parties have previously settled all matters between them pursuant to the Settlement Agreement.

2. HPI has performed its obligations under the Settlement Agreement.

3. The claims between the parties have been paid in full and satisfied according to the terms of the Settlement Agreement.

### Third Affirmative Defense

1. The parties have previously settled all matters between them pursuant to the Settlement Agreement.

2. HPI has performed its obligations under the Settlement Agreement.

3. The claims between the parties have been paid in full and satisfied according to the terms of the Settlement Agreement.

4. Any alleged losses suffered by plaintiffs are a result of their own actions in selling the stock in a manner that breached the agreements between the parties.

### Fourth Affirmative Defense

1. The parties have previously settled all matters between them pursuant to the Settlement Agreement.

2. HPI has performed its obligations under the Settlement Agreement.

3. The claims between the parties have been paid in full and satisfied according to the terms of the Settlement Agreement.

4. Any alleged losses suffered by plaintiffs are a result of their own failure to timely sell the stock and a

result of their own inaction when they could have sold the stock pursuant to various exemptions from registration.

WHEREFORE, defendant HPI respectfully requests that the Court enter judgment in favor of the defendant HPI and against plaintiffs, dismissing this action, an award defendant HPI its costs, and reasonable attorneys fees as the prevailing party as provide for in the Settlement Agreement, and grant HPI any other relief that it finds to be just and proper.

### Counterclaim

HPI, for its counterclaim against the plaintiffs, Colin P. Markey, Kathy Moore, Paul A. Moore, Theodore H. Swindells, and Sherie Swiontek (the "Plaintiffs"), states as follows:

1. HPI is a corporation incorporated in the state of Delaware, with its principal place of business in Seattle, Washington.

2. Colin P. Markey is a citizen of Illinois who resides in Chicago, Illinois.

3. Kathy Moore and Paul A. Moore are citizens of Illinois who reside in Lake Forest, Illinois.

4. Theodore H. Swindells is a citizen of California who resides in San Francisco, California.

5. Sherie Swiontek is a citizen of Illinois who resides in Gurnee, Illinois.

6. On or about May 10, 2006, various parties, including HPI and the Plaintiffs entered into the Settlement Agreement, a true and accurate copy of which is attached as Exhibit A to the Complaint.

7. At various times and on or about October 17, 2007, Plaintiffs have made demand on HPI for money and stock to which they are not entitled under the terms of the Settlement Agreement.

8. On or about October 24, 2007, the Plaintiffs commenced an action in the Cook County Circuit Court seeking to recover money or stock to which they are not entitled under the Settlement Agreement.

9. Plaintiffs claims under the Settlement Agreement in this action are without merit and HPI will prevail on those claims. As the prevailing party in the action with respect to the Settlement Agreement, HPI is entitled to recover its reasonable attorneys' fees and costs as provided for in the Settlement Agreement (Settlement Agreement, Para. 11 on p. 8).

10. HPI has incurred and continues to incur attorneys' fees and costs in defending this action and pursuing its defenses and counterclaims.

WHEREFORE, HPI respectfully requests that the Court enter judgment in favor of the HPI and against Plaintiffs, awarding HPI its reasonable attorneys' fees and costs as the

prevailing party as provided for in the Settlement Agreement, and grant HPI any other relief that it finds to be just and proper.

HYDROGEN POWER, INC.

By: _____
Its Attorney

David E. Schaper
11 Oxford Drive
Lincolnshire, Illinois 60069
Telephone No.: (847) 948-9048

Counsel for Hydrogen Power, Inc.

## Certificate of Service

I hereby certify that on November 30, 2007, I caused a true and accurate copy of the forgoing Answer, Affirmative Defenses and Counterclaim to be served on counsel for the plaintiffs by depositing it with the U.S. Postal Service, proper first class postage prepaid, addressed to that counsel at his business address as follows:

    James M. Carlson, Esq.
    Ungaretti & Harris, LLP
    3500 Three First National Plaza
    Chicago, Illinois 60602

_____
David E. Schaper
Counsel for Defendant Hydrogen Power, Inc.