IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLIN P. MARKEY; KATHY MOORE; PAUL A. MOORE; THEODORE H. SWINDELLS; and SHERIE SWIONTEK,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>HYDROGEN POWER, INC., f/k/a EQUITEX, INC.,<br><br>　　　　　Defendant. | No. 07 C 6631<br><br>Hon. Charles R. Norgle<br><br>Magistrate Geraldine Soat Brown |

**PLAINTIFFS' REPLY TO COUNTERCLAIM**

Plaintiffs, COLIN P. MARKEY, KATHY MOORE, PAUL A. MOORE, THEODORE H. SWINDELLS, and SHERIE SWIONTEK (collectively "Plaintiffs") respectfully submit this Reply to Defendant HYDROGEN POWER, INC., f/k/a EQUITEX, INC.'s ("Equitex") Counterclaim and state as follows:

　　　1.　　HPI is a corporation incorporated in the state of Delaware, with its principal place of business in Seattle, Washington.

**ANSWER:**　　Plaintiffs lack sufficient information or knowledge to be able to form a belief regarding HPI or Equitex's residency and/or state of incorporation and therefore deny the same and hold Equitex to strict proof thereof.

　　　2.　　Colin P. Markey is a citizen of Illinois who resides in Chicago, Illinois.

**ANSWER:**　　Plaintiffs admit the allegations in this Paragraph.

　　　3.　　Kathy Moore and Paul A. Moore are citizens of Illinois who reside in Lake Forest, Illinois.

**ANSWER:**　　Plaintiffs admit the allegations in this Paragraph.

1056773v1

4. Theodore H. Swindells is a citizen of California who resides in San Francisco, California.

**ANSWER:** Plaintiffs admit the allegations in this Paragraph.

5. Sherie Swiontek is a citizen of Illinois who resides in Gurnee, Illinois.

**ANSWER:** Plaintiffs admit the allegations in this Paragraph.

6. On or about May 10, 2006, various parties, including HPI and the Plaintiffs entered into the Settlement Agreement, a true and accurate copy of which is attached as Exhibit A to the Complaint.

**ANSWER:** Plaintiffs admit that on or about May 10, 2006 they entered into a Settlement Agreement with Equitex wherein Equitex agreed to issue certain amounts of its company stock to the Plaintiffs. In the Settlement Agreement, Equitex also guaranteed that the stock would be delivered at the price of at least $4.00 per share upon subsequent sale or Equitex would make up the difference with stock or cash. Further answering, Plaintiffs admit that the document attached as Exhibit A to the Complaint is a true and correct copy of the Settlement Agreement.

7. At various times and on or about October 17, 2007, Plaintiffs have made demand on HPI for money and stock to which they are not entitled under the terms of the Settlement Agreement.

**ANSWER:** Plaintiffs admit that they have made numerous demands for the money and stock rightfully owed to them under the Settlement Agreement. Plaintiffs deny any remaining allegations in this Paragraph.

8. On or about October 24, 2007, the Plaintiffs commenced an action in the Cook County Circuit Court seeking to recover money or stock to which they are not entitled under the Settlement Agreement.

**ANSWER:** Plaintiffs admit that on October 24, 2007, they filed an action in the Circuit Court of Cook County, Illinois seeking to recover damages from Equitex based upon Equitex's failure to perform under, *inter alia*, the

Settlement Agreement.  Plaintiffs deny any remaining allegations in this Paragraph.

9.   Plaintiffs claims under the Settlement Agreement in this action are without merit and HPI will prevail on those claims.  As the prevailing party in the action with respect to the Settlement Agreement, HPI is entitled to recover its reasonable attorneys' fees and costs as provided for in the Settlement Agreement (Settlement Agreement, Para. 11 on p. 8).

**ANSWER:**   Plaintiffs deny the allegations in this Paragraph.

10.   HPI has incurred and continues to incur attorneys' fees and costs in defending this action and pursuing its defenses and counterclaims.

**ANSWER:**   Plaintiffs lack sufficient information or knowledge to be able to form a belief regarding the allegations in this Paragraph and therefore deny the same and hold Equitex to strict proof thereof.

### PRAYER FOR RELIEF

To the extent the Prayer for Relief contained in Equitex's Counterclaim contains allegations of fact, those allegations are denied.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs for the damages they seek in their Complaint, costs, reasonable attorneys fees and whatever further relief that this Court finds just and proper.

Dated: December 19, 2007          COLIN P. MARKEY; KATHY MOORE, PAUL A. MOORE, THEODORE H. SWINDELLS; and SHERIE SWIONTEK

By:   /s James M. Carlson
      One of Their Attorneys

F. Thomas Hecht
James M. Carlson
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Phone: 312-977-4400
Fax: 312-977-4405

- 4 -

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing **PLAINTIFFS' REPLY TO COUNTERCLAIM** was served upon the following counsel of record via the means indicated below on December 19, 2007:

| | | |
|---|---|---|
| **Via:** | [X] **ECF** <br> [ ] **U.S. First Class Mail** <br> [ ] **Facsimile** <br> [ ] **Federal Express** <br> [ ] **Hand Delivery** | David E. Schaper <br> 11 Oxford Drive <br> Lincolnshire, Illinois 60069 <br> Telephone: (847) 948-9048 <br> <br> Counsel for Defendant |

/s James M. Carlson